IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:95-CR-41-3H

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　　**ORDER**
　　　　　　　　　　　　　　　)
BRIAN DAVID LINTON,　　　　　)
　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　)
　　　　　　　　　　　　　　　)

　　　This matter is before the court on defendant's motion for a sentence reduction under Section 404 of the First Step Act. [DE #1048 and #1066]. The court appointed counsel to represent him under this district's Standing Order on June 4, 2020 [DE #1053]. Counsel then filed a motion on behalf of defendant [DE #1066] to which the government responded in opposition [DE #1071]. Defendant has replied [DE #1075]. Probation has filed a modification to the Presentence Investigation Report [DE #1076].

　　　On June 12, 1996, defendant pled guilty, pursuant to a written memorandum of plea agreement, to Count One of the Third Superseding Indictment, charging him with a RICO violation, 18 U.S.C.

§ 1962(c).¹  In the plea agreement, he acknowledged participating in "at least two underlying acts," but the plea agreement did not specify which acts.  On March 17, 1997, the undersigned sentenced him to a mandatory guideline sentence of life imprisonment.  Mr. Linton is now 53 years old, and has served more than 25 years, having been in custody continuously since February 14, 1995.

The First Step Act of 2018 ("First Step Act") makes certain provisions of the Fair Sentencing Act of 2010 retroactively applicable to defendants sentenced prior to its enactment. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for [certain offenses involving cocaine base] may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b).

The court finds defendant is eligible for relief under Section 404 of the First Step Act.  The court finds RICO is a covered offense because one of the underlying acts involved trafficking in cocaine base, a statutory section the penalties for which were modified by the First Step Act. See United States v. Maupin, (Case No. 19-6817) (August 29, 2019) (at *9) (in its Motion for Remand,

---

¹ In the government's response to defendant's motion, it notes that defendant also pled guilty to counts five and nine, but the court records reflect he only pled guilty to count one.

the United States conceded to the Fourth Circuit Court of Appeals that RICO violations are a covered offense under Section 404 of the First Step Act). Second, his offense was committed before August 3, 2010. Third, he was neither sentenced nor resentenced under Sections 2 or 3 of the Fair Sentencing Act of 2010. Finally, defendant has not had a previous motion under Section 404 denied after a complete review on the merits. See First Step Act § 404(a)-(c); United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019) (analyzing eligibility requirements under Section 404 and stating that "[t]here is no indication that Congress intended a complicated and eligibility-limiting determination at the "covered offense" stage of the analysis"); United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020)(holding that a person convicted of both covered and non-covered offenses was eligible for relief under the First Step Act). Therefore, he is eligible for consideration of a reduced sentence.

In imposing a sentence under section 404, the Fourth Circuit has articulated the following requirements:

> First, district courts must accurately recalculate the Guidelines sentence range. Compare Chambers, 956 F.3d at 672, with Dillon, 560 U.S. at 821, 130 S. Ct. 2683 (holding that a district court may only "substitute the amended Guideline range" in § 3582(c)(2) proceedings). Second, and relatedly, district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence. Compare Chambers, 956 F.3d at 672-74, with Dillon, 560 U.S. at 831, 130 S. Ct. 2683

3

(holding that district courts lack the discretion to correct errors unaffected by a Guidelines amendment). Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. See Chambers, 956 F.3d at 674. Unlike sentence modification proceedings under § 3582(c)(2)—which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to within a predetermined range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even depart downward from the new Guidelines range. Compare id., with Dillon, 560 U.S. at 830, 130 S. Ct. 2683.

United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021).

In this matter, United States Probation provided to the court and the parties a Modified Presentence Report. The Report notes that while defendant is eligible for consideration for relief since once of the underlying acts of the RICO conviction was a crack cocaine conspiracy, the statutory penalties and guideline range are unaffected. The parties did not object to this guideline calculation. However, the court notes that while the guideline range may remain life imprisonment, the guideline range is no longer mandatory on this court. This Court may still exercise its discretion and impose a reduction in the form of a variance in a First Step case. See United States v. Chambers, 956 F. 3d 667, 674 (4th Cir. 2020) (stating that "court[s] may vary from the Guidelines and... consider post-sentencing conduct.")

This court will take into account the § 3553(a) factors, to include (A) defendant's culpability in the offense and the need to avoid unwarranted disparities; (B) his history and

4

characteristics, post-sentencing conduct, work history, and educational courses and the like; and (C) lowered risk for recidivism; See, e.g., United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020) (quoting Pepper v. United States, 562 U.S. 476, 491 (2011)) (holding that 18 U.S.C. § 3553(a) factors apply in a First Step Act § 404(b) resentencing); see also United States v. Martin, 916 F.3d at 389, 398 (4th Cir. 2019), and United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021) (where substantial mitigating rehabilitation evidence is introduced and not available at the initial sentencing hearing, a court must weigh that conduct and, if in its discretion the court still believes that positive trajectory deserves no rehabilitation, it shall provide an individualized explanation for its decision).

Turning to the § 3553(a) factors, including post-sentencing conduct, Mr. Linton is now 53 years old. He has two children who grew up while he was in custody. He is now a grandfather to six grandchildren. He maintains contact with his mother who resides in Maryland.

During his incarceration, Linton has worked in the kitchen and loved it. He has served as butcher, and ordered all the food and maintained a budget for approximately 1600 people. Further, he examined and processed payroll for more than 200 kitchen workers. He worked 16 hours a day—3:30am to 6:30pm every day for

5

a long time, and recently made a shift change where he works as the morning cook.  He loves doing his job.

He is an avid reader, reading books and magazines as well as the newspaper daily.  He is very handy and often fixes items.  He has matured significantly over the last 25 years, learning humility and patience and the importance of family.

The court notes that several of defendant's co-defendants with similar or more severe culpability have already been released.  Mr. Linton was involved in the conspiracy from August 1993 to February 1995, when he surrendered himself to authorities.  Mr. Linton pled guilty, saving the government the burden of trial.

## **CONCLUSION**

The court finds that defendant is eligible for a sentence reduction, and based on the § 3553(a) factors and his post-sentencing conduct, defendant's motion [DE #1048 and #1066] is hereby granted.  The Court finds the guideline range remains at life.  However, based on the § 3553(a) factors and the post-sentencing conduct noted above, the court varies from the guidelines and hereby sentences defendant to a term of 360 months'

imprisonment. An amended judgment will be filed along with this order.

This 17th day of June 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26